UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THOMAS D. YOUNG,

        Petitioner,

        v.                         CIVIL ACTION NO.:
                                  10-10401-EFH

GEORGE VOSE,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

June 29, 2010

HARRINGTON, S.D.J.

      Respondent moves to dismiss the petition for writ of habeas corpus of Thomas D. Young. Young was convicted and sentenced on a charge of unlawful possession of a firearm. Young seeks habeas relief on the grounds that evidence introduced at his trial was obtained in violation of the Fourth Amendment. The Fourth Amendment claim was litigated by the state court through a pre-trial motion to suppress and on direct appeal. See Commonwealth v. Young, 916 N.E.2d 773 (Mass. App. Ct. 2009), *review denied by* 920 N.E.2d 878 (Mass. 2010). The Court, therefore, holds that the claim is precluded under the rule announced in Stone v. Powell, 428 U.S. 465 (1976) ("We hold . . . that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search

was introduced at his trial.").[1]

Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Docket No. 6) is hereby ALLOWED.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

[1] The Court rejects Young's contention that the underpinnings of Stone have been eroded by subsequent United States Supreme Court decisions. The cases cited by Young do not address the characteristic that was central to Stone's reasoning and that is present in the matter at hand– i.e. that the challenge was brought collaterally after full and fair litigation of the Fourth Amendment issue.  See Stone, 428 U.S. at 493 ("We adhere to the view that these considerations support the implementation of the exclusionary rule at trial and its enforcement on direct appeal of state-court convictions. But the additional contribution, if any, of the consideration of search-and-seizure claims of state prisoners on collateral review is small in relation to the costs."); see also Evans v. Thompson, 518 F.3d 1, 9 (1st Cir. 2008) (Stone bars "all habeas review of Fourth Amendment claims when those claims were fully and fairly litigated in state courts.").